# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PHYLLIS E. HILLERY,**
    **Plaintiff,**

**-vs-**                **Case No. 6:07-cv-1644-Orl-18KRS**

**COMMISSIONER OF SOCIAL SECURITY,**
    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 21)** |
| **FILED:** | June 9, 2008 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The plaintiff, Phyllis E. Hillery, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on May 8, 2008. Doc. No. 18. As the plaintiff's motion is unopposed, an award of fees and costs is ripe for consideration.[1]

---

[1] The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment on the action. 28 U.S.C. § 2412(d)(1)(B). However, a judgment does not become final until the end of the sixty day period for filing an appeal. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Because the Commissioner has consented to this motion, the Court need

Hillery's attorney of record, Richard A. Culbertson, seeks $749.02 in fees, and Thomas S. Rice, an attorney associated with Culbertson, seeks $3,845.00 in fees. The hourly rate sought is $166.45 for work performed in 2008.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that attorney's fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Hillery has provided an analysis based on the Consumer Price Index (CPI) that supports the requested hourly rates. Accordingly, I find that these rates are reasonable without objection.

I also find that the total hours worked by each attorney were reasonable in the absence of objection.

---

not wait until the time for filing an appeal passes before ruling on the petition for attorney's fees.

Hillery submitted an Assignment by which she assigned any attorneys' fees awarded by the Court to Attorney Culbertson. Doc. No. 21-2. Accordingly, it is **RECOMMENDED** that the Court order the Commissioner pay to Attorney Culbertson, $4,594.02 in attorneys' fees.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 11, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] The fees were calculated as follows: hours worked by Culbertson (4.5) x reasonable hourly rate ($166.45) + hours worked by Rice (23.1) x reasonable hourly rate ($166.45).